

**RA'SHAUN J. KELLEY**
212.920.5733
RKELLEY@KELLEY.LEGAL

May 4, 2017

**VIA ECF & Electronic Mail**
Renee M. Levine
401 Broadway, Suite 306
New York, New York 10013
Gnd401@aol.com

Re: *Yang et al v. GR Supply Chain Management Inc et al*, 17-CV-02577 (JSR)

**NOTICE OF PLAINTIFFS' MOTION FOR SANCTIONS AGAIST DEFENDANTS PURSUANT TO FED. R. CIV. P. 11(c)**

**PLEASE TAKE NOTICE THAT** the undersigned attorney for Plaintiffs Xixiang Yang, Liling Liu, and Qiqi Xu, intends to move before the Honorable Jed S. Rakoff, United States District Judge, at 500 Pearl Street, New York, New York for (a) an Order granting Plaintiffs' Motion for Sanctions Against Defendants Pursuant to Fed. R. Civ. P. Rule 11; and (b) such other relief as this Court may deem just and proper.

The Motion will be based upon Plaintiffs' Memorandum of Law, declarations by Plaintiffs, exhibits, all pleadings, and such additional oral or documentary evidence as may be received prior to or at a hearing on the Motion.

The subject of the Motion will be the Defendants' Answer to the Shareholders Derivative Complaint which "denies knowledge sufficient to form a belief as to the truth of the allegations contained in paragraphs 1- 163 of the Complaint". The Answer was presented in bad faith, causes unnecessary delay, contains false statements, needlessly increases litigation costs, and violates Fed. R. Civ. P. 11(b). Specifically:

1) A corporation, by its nature, is a fictitious person and can only act through the human agency of the natural persons that it employs;
2) A defendant cannot deny knowledge of his own acts; nor can he deny knowledge of allegations which include personal transactions with him. In such cases a positive answer is required;
3) Neither a corporation nor an individual can deny knowledge of the acts of itself or its agent;



4) A party cannot plead ignorance of a public record to which he has access, and which affords him all the means of information necessary to obtain positive knowledge of the fact;

5) While the statute authorizes a denial in that form, it requires good faith and honesty of purpose; and it cannot be tolerated that a party may shut his eyes to information thrust before them in order to be technically able to say that he has no such information;

6) Defendant's frivolous argument of subject matter jurisdiction. Assuming arguendo that diversity jurisdiction is not satisfied, a federal question based on Federal Securities Law exists and was raised by Plaintiffs; and

7) The defenses and other legal contentions raised by Defendant are not warranted or supported by existing law.

The above-mentioned defects are in violation of Fed. R. Civ. P. Rules 7-11.

Litigation is not a game. It is to be taken seriously. This is a complex matter, and one of significant importance to the parties. If Defendant conducted his business in the same nonchalant and deceptive manner as displayed in Defendant's Answer to the Shareholder Derivative Complaint it is no surprise that such devil-may-care conduct inevitably gave rise to this action.

**Accept this Safe Harbor Letter as notice upon Defendants in compliance with the notice requirement of Rule 11**. Defendants are hereby on notice of the issues, the relevant law, and legal principles of this matter. Plaintiffs will also serve upon Defendant a Memorandum of Law in Support of its Motion for Sanctions Pursuant to Fed. R. Civ. P. Rule 11. If the defects in the Defendant's Answer to Shareholder Derivative Complaint are not cured within the time set by the court, then Plaintiffs shall file the Motion for Sanctions with the Court.

Respectfully submitted,

Ra'Shaun J. Kelley

Cc: All Counsel of Record (Via ECF)