**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
**======================================X**

**XIXIANG YANG, LILING LIU,  and  QIQI XU,**          **Case No. 17-CV-02577 (JSR)**
**individually and derivatively on behalf of**
**Nominal Defendant**
**GR SUPPLY CHAIN MANAGEMENT INC.,**

                                        **Plaintiffs,**

                    **-against-**

**ZHIYU LUO,**

                                        **Defendant,**

                    **-and-**

**GR SUPPLY CHAIN MANAGEMENT INC.,**

                                        **Nominal Defendant.**
**======================================X**

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION FOR**
**SUMMARY JUDGMENT AND DISCOVERY SANCTIONS**

## TABLE OF AUTHORITIES

**Statutes**

15 U.S.C. § 77(m)……………………………….…………………………………   10

15 U.S.C. § 77l(a)(1)……………………………….…………………………………   10

28 U.S.C. § 1331……………………………………………………………………   18

§ 4(a)(2) of the Security Act of 1933…………………………………………………   11

§ 10 of the Security Act of 1934…………………………………………………..   13

§ 12(a)(1) of the Securities Act of 1933..…………………………………………   4

CPLR § 403……………………………………………………………………..   9

CPLR § 3016(B)……………………………………………………………..   10

NY BCL § 626(c)………………………………………………………………   8

NY BCL § 624………………………………………………………………   9

Fed.R.Civ.P.  23.1(b)……………………………………………………………   7

Fed.R.Civ.P. 37(b)(2)(C)……………………………………………………..   18

Fed.R.Civ.P.  56(a)……………………………………………………………   6,11,14

PSLRA RULE 9(b)………………………………………………………………   13


**Cases**

*ABN AMRO Bank, N.V. v MBIA Inc.*, 17 N.Y.3d 208, 229 (2011)…………………..   8

*Abrahami v. UPC Constr. Co.*, 224 AD2d 231, 234 (1st Dep't 1996)…………………   14

*Abrams v. Donati*, 66 NY2d 951, 953 (NY 1985)…………………………………   7

*Agiwal v. Mid Island Mortg. Corp.*, 555 F.3d 298, 302-303 (2d Cir. 2009)…………   18

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)…………………………   6

*Aronoff v. Albanese,* 446 NYS2d 368, 370 (1st Dep't 1982)……………………………   16

*Ashwood  Capital, Inc., v. OTG Mgmt., Inc.,* 99Ad.3d 1, 10 (1st Dep't 2012)…………..   12

*Auerbach v. Bennet*, 47 NY2d 619, 629 (NY 1979)…………………………………………..   8

*Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)…………………………………………..   7

*Colavito v. N.Y. Organ Donor Network, Inc*., 8 N.Y.3d 43, 50, (2006)…………………   12

*Erie Group LLC v. Guyaba Capital, LLC*, No. 14-CV-5668 (SAS) (June 8, 2015)…….   14

*Gate Technologies, LLC v. Delphix Capital Markets, LLC*, No. 12 Civ. 7075,
(S.D.N.Y. July 9, 2013)………………………………………………………………………………   13

*Geltman v. Levy*, 11 AD2d 411, 413 (1st Dep't 1960)…………………………………………..   7

*Goldhirsh Grp., Inc. v. Alpert,* 107 F.3d 105, 108-109 (2d Cir. 1997)…………………   17

*Hanson Trust PLC v. ML SCM Acquisition, Inc.,* 781 F.2d 264, 279 n.9 (2d Cir. 1986)..   16

*Holcomb v. Iona Coll.*, 521 F.3d 130, 132 (2d Cir. 2008)……………………………………   6

*Huber v. ARCK Credit Company, LLC*, No. 12-CV-8175, at FN4 (JMF)
(SDNY Feb 5, 2016)………………………………………………………………………………..   9

*Kerzer v. Kingly Mfg.*, 156 F.3d, 400 (2d Cir. 1998)……………………………………………   6

*Koenig v. Boulder Brands, Inc*., 995 F.Supp.2d 274, 290 *(*S.D.N.Y. 2014)…………….   12

*Lentell v. Merrill Lynch & Co.*, 396 F.3d 161, 172 (2d Cir. 2005)………………………   14

*Lio v. Zhong*, 814 NYS2d 562 (Sup. Ct. N.Y. 2006)……………………………………………   15

*Patrick v Allen*, 355 F.Supp.2d 704, 710 (SDNY 2005)………………………………………   8

*Peacock v. Herald Square Loft Corp.,* 67 AD3d 442,443 (1st Dep't 2009)……………..   10

*Pinter v. Dahl*, 486 U.S. 622, 642 (1988)…………………………………………………………..   11

*Pitchell v. Callan,* 13 F.3d 545, 549 (2d Cir. 1994)……………………………………………..   18

*Residential Funding Corp. v. DeGeorge Fin. Corp.*, 306 F.3d 99, 101 (2d Cir. 2002)…   18

*Sarafianos v. Shandong Tada Auto-Parking Co., Ltd.*, No. 13-CV-3895,
at (SAS) (SDNY May 8, 2015)…………………………………………………… 9

*Scott v. Harris*, 550 U.S. 372, 380 (2007)…………………………………………… 6

*Stern v. Gen. Elec. Co.,* 924 F.2d 472, 476 (2d Cir. 1991)………………………… 16

*Venizelos v. Oceania Maritime Agency, Inc.*, 268 AD2d 291, 292 (1st Dep't 2000)…. 7

*Whalen v. CSX Transportation*, 13-CV-3784 (LGS) (HBP) (SDNY Sept. 29, 2016)… 19

*Yudell v. Gilbert*, 949 NYS.2d 380, 383 (1st Dep't 2012)……………………… 7

## I.   INTRODUCTION

Defendant Zhiyu Luo submits this memorandum of law in support of his motion to dismiss the SHAREHOLDERS' DERIVATIVE COMPLAINT (hereinafter "Complaint") pursuant to Federal Rule of Civil Procedure 56, as there are no genuine disputes as to any material fact and the Defendant is entitled to judgment as a matter of law. Defendant further submits this memorandum in support of sanctions pursuant to Federal Rule of Civil Procedure 37, for Plaintiffs' counsel's failures to cooperate during discovery.

Plaintiffs Xixiang Yang, Liling Liu, QiQi Xu, and Nominal Defendant GR Supply Chain Management, Inc. (hereinafter "GR Supply" or "Corporation"), assert fifteen (15) causes of action against Defendant Luo directly and derivatively as follows:

*Direct causes of action:* (1) Improper refusal to grant a statutory inspection; (2) breach of fiduciary duties; (3) sale of unregistered securities in violation of §12(a)(1) of the Securities Act of 1933 (15 U.S.C. § 77l(a)(1); (4) unjust enrichment; (5) conversion; (6) violations of the Securities and Exchange Act of 1934, section 10b (codified in 15 U.S.C. § 78j) and Rule 10b-5 (17 C.F.R. 240.10b-5);

*Derivative causes of action:* (7) breach of fiduciary duties; (8) gross mismanagement; (9) usurpation of corporate opportunity; (10) corporate waste; (11) interference with contract; (12) conversion; (13) abuse of control; (14) unjust enrichment; (15) improper refusal of statutory inspection.

The Complaint alleges that the Defendant committed the following wrongdoings in the statement of facts: (i) failed to register the securities; (ii) failed to provide the Plaintiffs with stock certificates, marketing materials, or formal documents; (iii) failed to observe corporate formalities; (iv) failed to issue a corporate refund to a customer Yi Zhang; (v) sold company

merchandise on Ebay for personal gain; and (vi) usurped corporate opportunities for his own personal gain.

GR Supply was formed primarily for the purpose of gathering electronic recycling in the United States and exporting the materials to Hong Kong. Mr. Luo entered into a business relationship with sophisticated, accredited investors.  Rule 56(a)(1) statement ¶ 22, 33.  The Plaintiffs believed that the United States market was lucrative, and selected to work with the Defendant because of his location and nationality. Id. at ¶42, 47.  The disparity between the business acumen of the parties is vast. The Plaintiffs own and operate electronics companies in the People's Republic of China. Id. at ¶19, 23.   Mr. Luo is a freelance photographer with no prior management or business experience. Id. at ¶16.   The Defendant did not misrepresent his abilities at the formation of this company. Id. at ¶ 34.   The Plaintiffs knew, or should have known, that the Defendant needed supervision and guidance. Additionally, Plaintiff Yang agreed to provide that guidance and management.

Mr. Luo is the GR Supply's President on paper, but it was clear from the onset that this was Mr. Yang's company. Plaintiff Yang dictated the terms of the ownership for the corporation. Id. at ¶45.  Plaintiff Yang exercised control over transactions occurring outside of the U.S., and maintained a strong supervision of the transactions occurring domestically. In reality, Mr. Luo was primarily employed by Mr. Yang to source inventory to export from the United States to Mr. Yang's connections in Hong Kong.

Mr. Luo may have failed to follow some corporate formalities as the President of GR Supply. However, he exercised his best business judgment in running the corporation. Mr. Yang received weekly, and at times daily reports from the Defendant. Id. at ¶ 78.  Mr. Yang made many important business decisions and had direct supervision of the daily operations. GR Supply

failed because it was not profitable despite the Mr. Luo's best business judgment. The corporation became insolvent and was dissolved. Id. at ¶ 94.

Summary judgment must be granted as a matter of law for all causes of action. The record does not show, with any specificity, any false or materially misleading statements made by the Defendant during the course of offering securities.  There is no support in the record of the defendant usurping corporate opportunities. There is no showing that the Defendant diverted corporate assets for his own benefit. There are no suspicious Ebay transactions conducted by the Defendant. Plaintiffs' assertions of wrongdoing are merely conclusory, with no basis in fact.

## II.      STANDARD FOR SUMMARY JUDGMENT

To prevail on a motion for summary judgment, the movant must "show[]that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed.R.Civ.P 56(a).  The movant bears the burden of demonstrating the absence of a question of material fact. In making this determination, the Court must view all facts "in the light most favorable" to the non-moving party. *Holcomb v. Iona Coll.*, 521 F.3d 130, 132 (2d Cir. 2008).

The Court should not accept evidence presented by the non-moving party that is so "blatantly contradicted by the record… that no reasonable jury could believe it." *Scott v. Harris*, 550 U.S. 372, 380 (2007). "Conclusory allegations, conjecture, and speculation" *Kerzer v. Kingly Mfg.*, 156 F.3d, 400 (2d Cir. 1998), as well as the existence of a mere "scintilla of evidence in support of the [nonmoving party's] position," *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986), are insufficient to create genuinely a disputed fact. A moving party is

6

"entitled to judgment as a matter of law" on an issue if there is an absence of evidence in the record to support the nonmoving party's position. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).

## III.    THE COMPLAINT MUST BE DISMISSED AS A MATTER OF LAW

*(a)      The Derivative Causes of Action Must be Dismissed[1]*

Generally, a shareholder has no individual cause of action for claims that allege wrongs against the corporation. *Abrams v. Donati*, 66 NY2d 951, 953 (NY 1985).  Although a shareholder of a dissolved corporation has the capacity to sue derivatively, the court may use its equitable powers to "dispense with the presence of [the] defunct corporation if the shareholder is in reality the only one injured." *Geltman v. Levy*, 11 AD2d 411, 413 (1st Dep't 1960). In this instant matter, the Plaintiffs "are not seeking to vindicate their rights as stockholders but to recover their share of the… assets, which was [allegedly] stolen from them." *See Venizelos v. Oceania Maritime Agency, Inc.*, 268 AD2d 291, 292 (1st Dep't 2000).

The majority of the derivative causes of action are duplicative of the direct causes of action. The shareholders are requesting relief for money damages, not equitable relief. "New York does not have a clearly articulated test" for whether a claim is direct or derivative, "but approaches the issue on a case by case basis depending on the nature of the allegations" and the party receiving the benefit of any awarded remedy. *Yudell v. Gilbert*, 949 NYS.2d 380, 383 (1st Dep't 2012).

---

[1] The Shareholder Derivative Complaint is not verified as required in Fed.R.Civ.P 23.1(b). Plaintiff shareholder Qiqi Xu testified at his deposition that he did not know of any issues with corporation until July 2017, three months after the Complaint was filed on his behalf. Exhibit H at 41.

The Plaintiffs did not make a pre-suit demand and failed to show demand futility for the derivative causes of action. NY BCL § 626(c) requires a pleading of the specific efforts the Plaintiffs used to obtain action. There was no demand made specifically for the eleventh cause of action alleging Interference with a contract claim. The Plaintiffs cannot demonstrate that demanding action would be futile. As a result the eleventh cause of action must be dismissed.

*(b)     The Business Judgment Rule Presumes Defendant's Good-Faith and Honest Judgment*

The business judgment rule "bars judicial inquiry into actions of corporate directors taken in good faith and in the exercise of honest judgment in the lawful and legitimate furtherance of corporate purposes." *Auerbach v. Bennet*, 47 NY2d 619, 629 (NY 1979). It is "grounded in the prudent recognition that courts are ill equipped and infrequently called on to evaluate what are and must be essentially business judgments." *Id.* at 630. The business judgment rule creates a presumption that the officers of a corporation act in good faith. *Patrick v Allen*, 355 F.Supp.2d 704, 710 (SDNY 2005). Absent evidence of bad faith or fraud, courts must respect the business decisions of corporate officers. *Id.* at 631.

*(c)     The Plaintiffs' Fail to Pierce the Corporate Veil*

To survive a cause of action for liability on the theory of piercing the corporate veil, the complaining party must, establish that the defendant, abused the privilege of doing business in the corporate form to perpetrate a wrong or injustice against the party asserting the claim such that a court in equity will intervene. *See ABN AMRO Bank, N.V. v MBIA Inc.*, 17 N.Y.3d 208, 229 (2011).

Defendant Luo did not exercise complete control and dominion over the corporation. He was managed and consulted with Mr. Yang, who received regular reports and provided strict supervision.  See Exhibit P.

The defendant did not abuse the corporate form to perpetrate a wrong against the Plaintiffs. The corporate form was used to legitimately conduct the business of gathering recycled inventory and exporting the inventory to Hong Kong. The record does not show that the Defendant used the corporate form to specifically defraud the Plaintiffs.

(d)    *Causes of Action One and Fifteen, Improper refusal to grant the statutory right of inspection*

Causes of action one and fifteen request judgment pursuant to CPLR Article 4, ordering GR Supply to comply with a statutory inspection pursuant to Section 624 of the NY General Business Corporation Law. CPLR Article 4 is the procedural mechanism for "Special Proceedings." This action was not commenced by Petition and Notice of Petition as required by CPLR § 403.

Defendant has provided all of the records available for the corporation, which are additionally appended as exhibits. Therefore the causes of action requesting the statutory inspection are moot. *See Huber v. ARCK Credit Company, LLC*, No. 12-CV-8175, at FN4 (JMF) (SDNY Feb 5, 2016) (denying a request for an accounting as moot, regardless of the requesting party's complaints of content); *See Sarafianos v. Shandong Tada Auto-Parking Co., Ltd.*, No. 13-CV-3895, at (SAS) (SDNY May 8, 2015) (denying an accounting as moot, as it was provided during the course of litigation).

As all of the records have been provided to the Plaintiffs, the request for an inspection of the records is moot, and must be dismissed.

(e)    *Causes of Action Two and Seven Breach of Director's Fiduciary Duties*

Causes of action two and seven alleged that the Defendant breached his fiduciary duties by favoring his own interests at the expense of GR Supply. CPLR § 3016(B) requires that pleadings for breach of fiduciary duties be made with specificity.  *Peacock v. Herald Square Loft Corp.,* 67 AD3d 442,443 (1st Dep't 2009 ) (dismissing a breach of fiduciary duty claim where it was alleged that the director defendant rejected plaintiffs' proposal due to the self-interest of the directors for lack of specificity). Both causes of action for breach of fiduciary duty fail to plead specific facts showing any interested or fraudulent behavior.

The record does not show any fraudulent transactions where the Defendant breached any fiduciary duties to the corporation or the Plaintiffs. Additionally, the Plaintiffs have not rebutted the business judgment rule, and as such the claims for breach of fiduciary duty should be dismissed. As there is no genuine issue of fact, judgment must be granted in favor of the Defendant as a matter of law.

(f)    *Cause of Action Three Sale of unregistered securities in violation of §12(a)(1) of the Securities Act*

Plaintiffs make a claim pursuant to § 12(a)(1) of the Securities Act.  15 U.S.C. § 77l(a)(1) provides a right of action for the immediate purchaser to rescind the sale and demand a return of the purchase price against an individual who offered or sold unregistered securities required to be registered. The purchaser must bring the action "within one year after the violation upon which it is based" and, in no event, "more than three years after the security was bona fide offered to the public." 15 U.S.C. § 77m.

GR Supply was a privately held company. There were no offers of stock made to the public. Rule 56 (a)(1) Statement ¶54.  Mr. Yang offered and sold securities to the other Plaintiffs and to the Defendant. Id. at ¶ 45. Mr. Yang determined the purchase price and ownership distribution. The conversations between the parties show that the Plaintiff, not the defendant made all offers of sale of securities.

Regardless of who offered the securities for sale, it is undisputed that GR Supply was legally dissolved in March 2016. Id. at ¶ 94.  The Complaint was not filed until April 2017, and therefore this claim is time-barred.

Plaintiff Yang was the "person who . . . offers or sells a security" in violation of the registration requirement of the Securities Act. " [T]he language of § 12(1) contemplates a buyer-seller relationship not unlike traditional contractual privity. Thus, it is settled that § 12(1) imposes liability on the owner who passed title, or other interest in the security, to the buyer for value." *Pinter v. Dahl*, *486* U.S. 622, 642 (1988).

The conversations between the parties show that Plaintiff Yang was the primary promoter of the unregistered securities. See Exhibit O. The doctrine of *in pari delicto* bars recovery from Plaintiffs where the plaintiff participates extensively as the promoter of unlawful securities distribution. *Id.* at 634-635.

The GR Supply securities were exempt from Federal and New York State registration requirements pursuant to the exemption provisions of § 4(a)(2) of the Securities Act and the Martin Act. Further Rule 506(b) of Regulation D, provides as a safe harbor for the securities, as all Plaintiffs are accredited investors.  Rule 56(a)(1) Statement ¶ 22, 27, 29, 30.

It is undisputed that the Plaintiffs cannot succeed on this cause of action as a matter of law.

*(g)      Causes of Action Four and Fourteen Unjust Enrichment*

Causes of action four and fourteen allege that the Defendant was unjustly enriched by the Plaintiffs and the corporation, respectively. To prevail on an unjust enrichment claim under New York law, a plaintiff must show that "(1) the defendant was enriched, (2) at the expense of the plaintiff, and (3) it would be inequitable to permit the defendant to retain that which is claimed by the plaintiff." *Koenig v. Boulder Brands, Inc*., 995 F.Supp.2d 274, 290 *(*S.D.N.Y. 2014).

Unjust enrichment must fail when there are adequate remedies at law. Plaintiffs cannot allege unjust enrichment claims where recognized causes of action are adequately plead. *See Ashwood  Capital, Inc., v. OTG Mgmt., Inc.*, 99Ad.3d 1, 10 (1st Dep't 2012).

Plaintiffs have directly and derivatively pled causes of action for conversion, breach of fiduciary duty, sale of unregistered securities, violations of section 10 of the Securities Exchange Act of 1934, gross mismanagement, corporate waste, and abuse of control.

The Plaintiffs fail to set forth a unique set of facts entitling the Plaintiffs to equitable relief separate from the legal relief available in the aforementioned causes of action. Additionally, the record shows that the Defendant was not unjust enriched. Mr. Luo went into debt to meet the financial obligations of the corporation.  See Exhibit C, ¶ 142-145.

*(h)      Causes of Action Five and Twelve Conversion*

To successfully plead a conversion claim in New York, Plaintiffs must plead (1) "plaintiff's possessory right or interest in the property, "and (2) "defendant's dominion over the property or interference with it, in derogation of plaintiff's rights." *Colavito v. N.Y. Organ Donor Network, Inc*., 8 N.Y.3d 43, 50, (2006). "A conversion claim cannot succeed, however, where the

party fails to allege[] a wrong that is distinct from any contractual obligations.'" *Gate Technologies, LLC v. Delphix Capital Markets, LLC*, No. 12 Civ. 7075, (S.D.N.Y. July 9, 2013).

In the Fifth cause of action, the Plaintiffs allege that :

101.   Defendant[ ] exercised dominion over the Plaintiffs money by unlawfully taking the money and engaging in conduct not outside the bounds of the agreement and detrimental to the interests of the Plaintiffs. [Sic]

102.   Defendant[ ] breached the terms of the agreement, converted Plaintiffs' assets, and now refuse to make the Plaintiffs whole.

The Twelfth cause of action asserts:

148.   Defendant Luo breached the terms of the Agreement with Plaintiffs, converted the Plaintiff's funds…

The Plaintiffs solely assert that the Defendant breached an agreement in contract. As such the causes of action for conversion must be dismissed as a matter of law.

*(i)     Cause of Action Six, Section 10 and Rule 10b-5 of the Securities Exchange Act of 1934*

Plaintiffs have alleged claims against Defendant under Section 10 of the Securities Exchange Act of 1934 and Rule 10b-5. The Complaint fails to meet the heightened pleading Standard under Rule 9(b) and the Private Securities Litigation Reform Act ("PSLRA"). Private securities fraud claims are subject to a heightened pleading standard.  Rule 9(b) requires plaintiffs to allege the circumstances constituting fraud with particularity.

For claims of securities fraud under Section 10(b) and Rule 10b-5, Plaintiffs must adequately prove each of the following elements: (1) that defendants either made one or more misstatements of material fact or omitted to state a material fact that defendants had a duty to

disclose; (2) that defendants made this misstatement or omission with scienter; (3) that

defendants made this misstatement or omission in connection with the purchase or sale of

securities; (4) that one or more plaintiffs relied upon the misstatement or omission; and (5) that

such reliance was the proximate cause of a plaintiff's loss. *See Lentell v. Merrill Lynch & Co.*,

396 F.3d 161, 172 (2d Cir. 2005).

There is no evidence that shows any material misstatement of the Defendant.  There is no

evidence showing that the Plaintiffs reasonably relied on any misrepresentations. There is a

stronger inference that the Plaintiffs "failed to undertake the due diligence expected of a

sophisticated investor in an arm's length transaction." *See Erie Group LLC v. Guyaba Capital,*

*LLC*, No. 14-CV-5668 (SAS) (June 8, 2015). New York law imposes an affirmative duty on

sophisticated investors to protect themselves from misrepresentations made during business

acquisitions by investigating the details of the transactions and the business they are acquiring.

*See Abrahami v. UPC Constr. Co.*, 224 AD2d 231, 234 (1st Dep't 1996).

Plaintiff Yang and Plaintiff Xu acknowledge that the Defendant did not make any false

statements in connection with the purchase of securities. The Defendant did not provide the

Plaintiffs with any documents in an attempt to defraud or mislead them into investing.  Rule 56

(a) (1) Statement ¶48.  The Defendant did not overstate or misrepresent his experience with

operating a company.

There is no evidence in the record to support that the Defendant was the maker of a false

or misleading statement that induced the Plaintiffs to purchase securities. As a result, the Court

must dismiss the sixth cause of action of the Complaint.

*(j)*     *Cause of Action Eight Gross Mismanagement*

Plaintiffs allege with mere conclusory statements that the Defendant grossly mismanaged the corporation. The cause of action gross mismanagement is premised on the allegations that the Defendant breached his fiduciary duties of care. As the cause of action of gross mismanagement is premised on a cause of action separately pled, it is subsumed in the seventh cause of action. *See Lio v. Zhong*, 814 NYS2d 562 (Sup. Ct. N.Y. 2006).

Further, there are no facts in the pleadings or in the record to overcome the business judgment rule. As such the eighth cause of action for gross mismanagement must be dismissed as a matter of law.

*(k)*     *Cause of Action Nine Usurpation of Corporate Opportunity*

The ninth cause of action alleges that the Defendant stole corporate opportunities from belonging to the company. It further alleges that the Defendant unlawfully usurped financial opportunities that belonged to the company. The Complaint fails to allege a specific transaction where the Defendant usurped a corporate opportunity, but tends to state that the Defendant made unauthorized online sales of corporate merchandise for his own use and benefit.

The only showing that the Defendant usurped corporate opportunities is Plaintiff Yang's incredible deposition testimony. Plaintiff Yang stated that the defendant "sold things online and [the Defendant] never told [him] about it, and [the Defendant] didn't go through the company at that time." Exhibit I at 65. When asked how Mr. Yang found about the online sales, Mr. Yang stated that the Defendant himself told Mr. Yang about the sales in 2014. *Id.* at 66. When asked if anyone else told Mr. Yang about online sales, Mr. Yang stated that "his American friends" told

him about the online sales. *Id.* at 67. Mr. Yang was unable to identify his "American friends." *Id.* This contradictory, conclusory testimony does not demonstrate the Defendant actually engaged in any online sales for his own personal benefit.

There are no credible facts that tend to show that the Defendant usurped corporate opportunities. As a result, this cause of action must be dismissed as a matter of law.

*(l) Cause of Action Ten Corporate Waste*

The claim of corporate waste is the diversion of corporate assets for improper or unnecessary purposes. *Aronoff v. Albanese,* 446 NYS2d 368, 370 (1st Dep't 1982). To prove corporate waste under New York law, a claimant must "demonstrate that no person of ordinary sound business judgment would say that the corporation received fair benefit." *Hanson Trust PLC v. ML SCM Acquisition, Inc.,* 781 F.2d 264, 279 n.9 (2d Cir. 1986). "[U]nder the New York business judgment rule, the actions of corporate directors are subject to judicial review only upon a showing of fraud or bad faith." *Stern v. Gen. Elec. Co.,* 924 F.2d 472, 476 (2d Cir. 1991). "[A]llegations of waste, standing alone, will not be enough." *Id.*

As the Plaintiffs have not provided more than mere allegations of corporate waste, the tenth cause of action must be dismissed as a matter of law.

*(m)    Cause of Action Eleven Interference with Contract*

As discussed *supra* in I(a), this cause of action must be dismissed for failure to make a pre-suit demand. The corporation does not benefit by bringing this cause of action against the Defendant. The Defendant used his best business judgment in managing the transaction with Yi Zhang.

Under New York law, the elements of a claim for tortious interference are: "(1) there is a business relationship between the plaintiff and a third party; (2) the defendant, knowing of that relationship, intentionally interferes with it; (3) the defendant acts with the sole purpose of harming the plaintiff, or, failing that level of malice, uses dishonest, unfair, or improper means; and (4) the relationship is injured." *Goldhirsh Grp., Inc. v. Alpert,* 107 F.3d 105, 108-109 (2d Cir. 1997).

The record shows that Mr. Luo exercised his best business judgment in failing to fulfill the entire order to Yi Zhang. The Plaintiff Mr. Yang told Mr. Luo to fulfill Mr. Zhang's order at cost, with no markup for any profit. Rule 56(a)(1) Statement 90, 91. Mr. Luo used the remaining corporate inventory to fulfill the orders that were sent to Mr. Zhang. Id. at ¶ 92.

Mr. Luo did not fail to meet the obligations of the contract for his own gain. Mr. Luo did not interfere with the contract for the sole purpose of harming the corporation. There is existing evidence showing that there were insufficient inventory and insufficient funds to meet the order. Therefore this cause of action must be dismissed as a matter of law.

*(n)*     *Cause of Action Thirteen Abuse of Control*

Plaintiffs allege, without specificity, that the Defendant caused the corporation to engage in "wrongful conduct." This allegation is insufficient to overcome the presumptions of good-faith within the business judgment rule. As such, this cause of action must be dismissed as a matter of law.

**III.     The Court Should Decline Supplemental Jurisdiction**

The Complaint alleges two Federal causes of action discussed *supra* in II *(f)* and *(i)*. These two causes of action grant this Court Federal question jurisdiction pursuant to 28 U.S.C. § 1331. Should the Court dismiss the Federal causes of action, the Court should decline to exercise jurisdiction over any remaining state-law claims. *See Pitchell v. Callan,* 13 F.3d 545, 549 (2d Cir. 1994) (stating that "it is axiomatic that a court should decline to exercise jurisdiction over state-law claims when it dismisses the federal claims prior to trial").

## IV.    Failure to Cooperate in Discovery Sanctions

Federal Rule of Civil Procedure 37 allows a court to impose sanctions for discovery-related abuses, and gives the court "broad discretion in fashioning an appropriate sanction." *Residential Funding Corp. v. DeGeorge Fin. Corp.*, 306 F.3d 99, 101 (2d Cir. 2002). The procedural history of this case and discourse between counsels is detailed in counsel's affirmation in support of Defendant's motion.

The factors in determining the appropriate sanction to impose under Rule 37 for failure to obey a court order, include: "(1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance, and (4) whether the non-compliant party had been warned of the consequences of... noncompliance." *Agiwal v. Mid Island Mortg. Corp.,* 555 F.3d 298, 302-303 (2d Cir. 2009). A court, in imposing sanctions, may order "the disobedient party... to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed.R.Civ.P. 37(b)(2)(C).

"Even in the absence of a discovery order, a court may impose sanctions of a party for misconduct in discovery under its inherent power to manage its own affairs." *Residential Funding*, 306 F.3d at 106-107. In order to impose sanctions under the Court's inherent power,

there must be a "particularized showing of bad faith, which requires [] clear evidence that the challenged actions are entirely without color and are taken for reasons of harassment or delay or for other improper purposes." *Whalen v. CSX Transportation*, 13-CV-3784 (LGS) (HBP) (SDNY Sept. 29, 2016) (Pitman, M.J.) (internal citations omitted).

  (a)    *Plaintiffs' Counsel's Extortionate Attempts*

      Plaintiffs' counsel has repeatedly threatened Defense counsel with Rule 11 sanctions for good-faith denials in the Amended Answer in an attempt to leverage a settlement. When Mr. Kelley initially threatened the sanctions, defense counsel was told that the defendant had three days to settle or defense counsel would be sanctioned.

      On June 1, 2017, Mr. Kelley attempted to extort a settlement from the Defendant. This resulted in a sealed hearing before the Court on June 2, 2017. The Court is fully apprised of the facts.

      Plaintiffs' counsel has continuously made threats of a criminal prosecution ancillary to the instant civil matter in violation of N.Y Rule of Professional Conduct 3.4(e). Specifically, Mr. Kelley has threatened to have Mr. Luo prosecuted for tax evasion.[2] It is improper and unethical for an attorney to threaten criminal prosecution to gain an advantage in an unrelated civil matter. These threats are made in an attempt to pressure the Defendant into settlement.

  (b)    *Intentional Withholding of Documents*

---

[2] N.Y Rule of Professional Conduct 3.4(e), Comment [5]: [5] The use of threats in negotiation may constitute the crime of extortion. However, not all threats are improper. For example, if a lawyer represents a client who has been criminally harmed by a third person (for example, a theft of property), the lawyer's threat to report the crime does not constitute extortion when honestly claimed in an effort to obtain restitution or indemnification for the harm done. But extortion is committed if the threat involves conduct of the third person unrelated to the criminal harm **(for example, a threat to report tax evasion by the third person that is unrelated to the civil dispute)**. (emphasis added).

Mr. Kelley intentionally withheld documents that were Ordered to be produced on June 1, 2017. Mr. Kelley possessed the documents on or before June 27, 2017. However, the documents were not provided until after the Defendant's deposition. Counsel intentionally withheld discoverable documents for no other purpose but bad faith.

The entirety of the documents was not produced until August 6, 2017. Most of the documents were not translated from Chinese to English, as Mr. Kelley had previously represented to the Court.

*(c)      Non-Party Deposition of Amanda Zhang*

Plaintiffs' counsel intentionally scheduled a deposition for a non-party witness on a date where opposing counsel was unavailable. Mr. Kelley then failed to exercise any courtesy when defense counsel requested a new date. As a result, defense counsel was required to seek relief from the Court. Ultimately, Mr. Kelley agreed to reschedule. However, he did not notify defense counsel of the new date.

The Court Ordered that the deposition transcript would be provided for information purposes only. Plaintiffs' counsel has failed to comply with the Court order despite multiple requests.

*(d)      Plaintiffs' Depositions*

Defense counsel sent six emails in an attempt to schedule Plaintiffs' depositions. Ultimately, the Court Ordered that the Plaintiffs' depositions would be held under the supervision of Magistrate Judge Netburn within the Courthouses of the Southern District of New York. Only two of the three Plaintiffs' depositions were held. During the course of the depositions, Mr. Kelley was unprofessional and disruptive.

On August 16, 2017, counsel was Ordered to appear before the Honorable Magistrate Judge Pitman at 9AM for the deposition of Liling Liu. Mr. Kelley failed to appear and failed to contact opposing counsel and the court. On Saturday August 19, 2017, Mr. Kelley cancelled Liling Liu's depositions for that following Monday morning. As a result of both cancellations, there are outstanding interpreter fees in the amount of $1,050.

The conduct of the Plaintiffs' counsel merits an award of the payment of expenses, including legal fees and interpreter fees, expended during the course of discovery and the making of this instant motion. It is further requested that the Court grant monetary sanctions, as well as, terminating sanctions dismissing this action in whole or in part.

Dated:        September 18, 2017
              New York, New York

                                        Respectfully submitted,

                                        /s/ Renee M. Wong

                                        Renee M. Wong, Esq.
                                        Goldberger & Dubin, P. C.
                                        401 Broadway, suite 306
                                        New York, New York 10013
                                        (212) 431-9380
                                        (212) 966-0588 (Fax)

21