**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
_____

|  |  |  |
|---|---|---|
| XIXIANG YANG, LILING LIU, and QIQI XU, individually and derivatively on behalf of Nominal Defendant GR SUPPLY CHAIN MANAGEMENT INC., | : : : : : | Civil Action No.1:17-CV-02577 |
|  | : |  |
| Plaintiffs, | : : | PLAINTIFFS' SUR-REPLY MEMORANDUM OF LAW |
| -against- | : : | IN FURTHER OPPOSITION TO DEFENDANTS' MOTION FOR |
| ZHIYU LUO, | : | SUMMARY JUDGMENT |
|  | : |  |
| Defendant, | : |  |
| -and- | : |  |
|  | : |  |
| GR SUPPLY CHAIN MANAGEMENT INC. | : |  |
|  | : |  |
| Nominal Defendant. | : |  |

_____:



**PLAINTIFFS' SUR-REPLY MEMORANDUM OF LAW IN FURTHER OPPOSITION**
**TO DEFENDANTS' MOTION FOR SUMMARY JUDGEMENT**
**AND DISCOVERY SANCTIONS**

Plaintiffs Xixiang Yang, Liling Liu and Qiqi Xu, (collectively "*Plaintiffs*") individually and derivatively on behalf of Nominal Defendant GR Supply Chain Management Inc., (hereinafter "*GR Supply*" or the "*Corporation*") respectfully submit this memorandum of law in opposition to Defendant Zhiyu Luo's (hereinafter "*Defendant*" or "*Luo*") motion for summary judgment and discovery sanctions, pursuant to Fed. R. Civ. P. 56 and Fed. R. Civ. P. 37.

## DEFENDANTS REQUEST FOR SANCTIONS IS BASELESS AND UNWARRANTED

Defendant's reply memorandum, failed to address the motion for Rule 37 sanctions against Plaintiff's counsel. The decision was not because Defendant satisfied its burden, instead it failed to address the motion for sanctions because it could not. Unfortunately for Defendant, silence is not a viable option. "The party seeking Rule 37 sanctions bears the burden..." *Markey*, 2015 U.S. Dist. LEXIS 112915, 2015 WL 5027522, at 16 (internal quotation marks omitted). Defendant's motion contained serious accusations against Plaintiff's counsel and the commission of acts that is "improper and unethical for an attorney."[1] Now, after being pressed to point to the record and substantiate these claims, Defendant chooses to bury its head in the sand. This is unacceptable. More than mere puffery, Ms. Wong's accusations carry the potential for serious ramifications. Ms. Wong has openly made false accusations against an officer of the court. Accordingly, Ms. Wong should be judged by her own convictions.

Contrary to what is posed in Defendant's reply memorandum, Mr. Kelley did speak to the accusations presented in Defendant's motion for sanction. In doing so, Mr. Kelley made a clear showing that those accusations were misrepresentations of fact and lies concocted by Ms. Wong for illegitimate purposes. On the other hand, Ms. Wong has failed to substantiate her claims and attempts to sweep it under the rug by not addressing the issue. Ms. Wong's silence speaks volumes.

## DEFENDANT HAS CAUSED DISCOVERY TO BE UNAVAILABLE

---

[1] ECF No. 31

To be clear - Defendant's counsel did not produce the Defendant Luo's personal bank records "very close to the end of discovery." Ms. Wong produced the documents (approximately 300 pages) on a Friday afternoon, with discovery due to close the following Monday, essentially leaving Plaintiffs no time to review and prepare for the deposition. It is utterly ridiculous that Ms. Wong suggests the documents were prevented timely, and even more preposterous that she expects the court to take her at her word that the documents were innocuous. The mere fact that Ms. Wong and the Defendant went as far as to lie about the existence of the accounts suggests the importance of the evidence.

## DEFENDANT HAS FAILED TO MEET "ITS" BURDEN

Pursuant to Rule 56(a) of the Federal Rules of Civil Procedure, summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Defendant cannot meet this burden and instead attempts to muster up a procedural remedy to compensate for its inability to succeed on the merits.

The premise of Defendant's argument is flawed and nonsensical. First, Defendant argues that because Plaintiffs did not dispute the facts presented in Defendant's Rule 56.1 statement or provide additional material facts for which there exists a genuine issue, that it has satisfied its burden and made a showing that there were no genuine disputes as to any material fact. Further, Defendant's Rule 56.1 Statement did not speak to the causes of action present in this litigation and the respective elements of each claim.

To adopt Defendant's' argument would lead to a ridiculous, absurd, impractical and certainly unjust conclusion.  For example, had Defendant's Rule 56.1 statement merely stated, "The sky is blue" and ended there, certainly Plaintiffs would not dispute it. However, the color of the sky has no bearing on whether Defendant breached his fiduciary duties or whether Defendant committed corporate waste. To grant Defendant summary judgment on those claims merely because there was no material dispute as to the color of the sky would be absurd. Similarly, placing the onus on Plaintiffs to then present every material fact in dispute would effectively place the moving-party's burden on the non-movant. The

Page **3** of **6**

burden is on the moving party to present its argument along with *relevant* undisputed material facts that supports its argument. The Defendant has failed to meet this burden.

Finally, Defendant argues that deficiencies with Plaintiff's Rule 56.1 Statement in support of its cross-motion for summary judgment renders defendant's motion "not properly made."[2] Even if true, it is well established that the Court has wide discretion to consider a summary judgment motion regardless of a party's compliance with the local rules. See Madison Maidens, Inc. v. Am. Mfrs. Mut. Ins. Co., No. 05 Civ. 4585, 2006 U.S. Dist. LEXIS 39633, 2006 WL 1650689, at 2 (S.D.N.Y. June 15, 2006). Moreover, the purpose of Rule 56.1 statements is to identify the relevant evidence supporting the material facts, and "to assist the court in determining which facts are genuinely undisputed." Id. Here, strict compliance with Local Rule 56.1 is not required for the Court to identify the material facts, as those facts have already been identified by Plaintiffs in its Rule 56.1 Statement and opposition memo. See, e.g., Carney, 19 F.3d at 812. Thus, whether Plaintiffs' opposition to Defendant's motion for summary judgment had been properly made will be considered by the Court.

## THE FEDERAL CAUSES OF ACTION SHOULD NOT BE DISMISSED

a.  SECTION 10(B) AND 12(A)(1) CLAIMS

Defendant argues that the Section 12 and 10(b) claims relating to the sale of unregistered securities should be dismissed. The premise of Defendant's argument is that Plaintiff Yang solicited the investments from the other Plaintiffs. For support the Defendant cites to Statement 44 of Defendant's Rule 56.1 Statement stating, "Mr. Yang told the other two plaintiffs to invest in GR Supply." In addition to being poorly drafted, that statement alone does not establish that Yang solicited investments, and requires the Court to make a leap in logic to arrive at the conclusion that Plaintiff Yang solicited the investments. It is well settled that encouragement for a buyer to purchase securities does not create liability under § 12 (1) or establish "control person" liability. Silva Run Worldwide Ltd. v. Gaming

---

[2] Id.

Lottery Corp., et al., (S.D.N.Y. 1998). Furthermore, Defendant has not raised any argument with regard to the sale of unregistered securities from Defendant Luo to Plaintiff Yang.

   b.   PLAINTIFFS' CLAIMS ARE NOT TIME BARRED

   Defendant argues that the causes of action based upon Defendant Luo's sale of unregistered securities is time barred pursuant to 15 U.S.C. §77m. In its argument, Defendant points out that 15 U.S.C. §77m is a statute of repose, not a statute of limitations. Nonetheless, the statute does not bar Plaintiff's claim.

   The Plaintiff's claims were brought timely. As stated in Defendant's Reply Memo, the statute provides "[i]n no event" shall an action be brought more than three years after the securities offering on which it is based. 15 U.S.C. § 77m. While it is undisputed that the Company was incorporated on April 11, 2014 and Defendant asserts that the Company was legally dissolved in March 2016, and attentive eye will notice a glaring omission – the date on which the offering occurred. As per § 77m, the timing for the statute begins from the time of the offering. In the instant action, that time is unknown due to Defendant's failure to register the securities, submit a Form D filing, provide the shareholders with stock certificates, maintain a stock ledger, or even order a corporate kit.

   Defendant argues that the claims are time-barred, but has failed to even provide the date on which the clock begins to run. Moreover, Defendant's inability to provide such date is due to Defendant's own misconduct and breach of the fiduciary duties commensurate with his position.

   c.   Defendant's Fraud and conversion of Plaintiffs' stock

   While private placements offerings are unregistered, they are not immune from the federal securities laws.  Section 12(a)(1) of the Securities Act provides for a private cause of action to persons who have been aggrieved by an unregistered offering of securities, private or otherwise, by placing a general prohibition on the sale of unregistered securities. Barring proof of an applicable exemption,

section 12(a)(1) provides for strict liability against one who offers or sells a security in violation of section 77e.

Defendant has failed to address the 2015 tax filing which reports that Defendant Luo owns 100% of the Corporation's stock. For that to be the case, there had to have been a transaction which executing the sell and transfer of Plaintiffs' securities to Defendant Luo. However, Plaintiffs' were not privy to this, and in fact never acquiesced to such a transaction. It logically follows that Defendant Luo committed fraud (and conversion) in his acquisition of those securities from Plaintiffs'.

## CONCLUSION

Summary judgment is an extraordinary form of relief. Accordingly, Rule 56(a) of the Federal Rules of Civil Procedure places an equally heavy burden on the moving party to show that such relief is warranted. Defendant's arguments have the strength or paper machete and are unsupported by the facts, which must be viewed in a light favorable to the non-moving party. Accordingly, Defendant's motion should be denied in all respects.

Dated: October 27, 2017

    New York, New York

        Kelley & Associates PLLC

        By: _/s/ Ra'Shaun J. Kelley____
        Ra'Shaun J. Kelley
        SDNY No: RK9324
        250 Park Avenue, 7th Floor
        New York, NY 10177
        (212) 920-5733
        rkelley@kelley.legal
        *Attorneys for Plaintiffs*